**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

*Attorneys for Plaintiff, the putative
FLSA Collective and Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE MANUEL RODRIGUEZ,** **Individually and on Behalf of All Others Similarly Situated,**     **Plaintiff,**  -against-  **COOPER WORKS INC. and MICHAEL KATZ, Jointly and Severally,**     **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**  **Jury Trial Demanded** |

Plaintiff Jose Manuel Rodriguez (the "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.  Plaintiff is a former construction worker, demolition worker and general laborer for Defendants' construction company. Despite the fact that Plaintiff worked more than forty (40) hours per week, Defendants paid the Plaintiff a flat daily rate without overtime premiums for hours worked over forty (40) in a given workweek. Defendants also failed to pay spread-of-hours

1

premiums for days when Plaintiff worked in excess of ten (10) hours per day and failed to provide Plaintiff with proper wage statements or wage notices.

2. Plaintiff brings this action to recover unpaid overtime wages owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3. As these unlawful pay policies of Defendants applied to all non-management employees, Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7. <u>Plaintiff Jose Manuel Rodriguez</u> ("Rodriguez") was, at all relevant times, and adult individual residing in Queens County, New York.

8. Throughout the relevant time period, Plaintiff worked for Defendants in and around the New York City Area based out of Defendants' main corporate office at 1169 Hardscrabble Rd., Chappaqua, NY 10514.

9. Plaintiff consents in writing to be party to this action, pursuant 29 U.S.C. § 216(b), and his consent form is attached hereto.

10. Throughout the relevant time period, on a daily basis Plaintiff handled items manufactured and purchased from out of state, including construction tools and equipment.

**Defendants:**

11. Cooper Works Inc. is an active New York Corporation doing business as "Cooper Works" with its principal place of business at 1169 Hardscrabble Rd., Chappaqua, NY 10514 (the "Corporate Defendant") and DOS process address at 28 Liberty Street, New York, New York 10005.

12. The Corporate Defendant is an employer of Plaintiff and the Collective and Class Members.

13. Upon information and belief, Defendant Michael Katz ("Katz" or the "Individual Defendant" and collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant and sets the Corporate Defendant's payroll policies, including the unlawful practices complained herein.

14. Throughout the relevant time period, the Individual Defendant was in charge of hiring and firing employees, setting schedules and wage rates Cooper Works policies with respect to payroll, and otherwise running the business of Cooper Works.

15. The Individual Defendant participated in the in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously in his direction and control of Plaintiff and the Corporate Defendant's other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203 (d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendant.

16. At all relevant times, Defendants employed, and/or continue to employ Plaintiff and each of the Collective Action members within the meaning of the FLSA.

17. At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

18. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. §§206, 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since April 29, 2016 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Cooper Works (the "Collective Action Members").

20. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours

each week. As a result of this policy, Plaintiff and the Collective Action members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

21. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

22. Pursuant to the NYLL, Plaintiff brings his Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time April 29, 2013 and through the entry of judgement in this case (the "Class Period") who worked as non-management employees at Cooper Works (the "Class Members").

23. <u>The Class Members are readily ascertainable.</u> The number and identity of the Class Members are determinable from the records of Defendants. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

24. <u>The Class Members are so numerous that joinder of all members is impracticable.</u>

25. Upon information and belief, there are in excess of forty (40) Class Members.

26. <u>The questions of law and fact common to the Class predominate over any questions affecting the individual members of the Class.</u> These common questions include, but are not limited to:

    a. whether Defendants employed the Plaintiff and the Class Members within the meaning of the NYLL;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class members;

5

    c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

    d. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours and/or split shifts;

    e. whether Defendants failed to pay Plaintiff and the Class Members with proper statement of wages with every wage payment as required by the NYLL;

    f. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

    g. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

    h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidates damages, interest, costs and disbursements and attorney's fees.

27. The answers to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

28. <u>Plaintiff's claims are typical of the Class Member's claims.</u> Plaintiff, like all Class Members, was an employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia,* not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not paid spread-of-hours premiums when

working a shift and/or split shift of ten (10) or more hours, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

29. <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

30. Plaintiff's counsel are experience class action litigators who are well-prepared to represent the interests of the Class Members.

31. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

32. Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

33. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Cooper Works**

34. At all relevant times, Defendants have been in the construction, demolition, and renovation business, performing services for commercial and residential properties including offices, restaurants and stores.

35. Defendant Katz is a constant presence on Cooper Works job sites, which he regularly visits to manage foremen and supervisors, monitor operations of the company and progress of their work, and take an active role in ensuring that all job sites, construction and demolition works are run in accordance with his policies and procedures.

36. Upon information and belief, the Individual Defendant has power over payroll and personnel decisions at Cooper Works, including the power to hire and fire employees, sets their wages, maintains time and/or wage records, and otherwise controls the terms and conditions of their employment.

37. Upon information and belief, the Individual Defendant, directly or through his agents and employees, operates and manages all Cooper Works job sites with the same or substantially similar employment practices and policies.

**Plaintiff's Work for Defendants**

38. **Plaintiff Jose Manuel Rodriguez** worked for Defendants as a construction worker, demolition worker, electrician, plumber and general laborer from in or around 2004 to on or about June 30, 2018 and again from on or about October 16, 2018 for approximately six (6) days (the "Rodriguez Employment Period"). Plaintiff's tasks included demolition, clearing demolition debris, cleaning job sites, performing plumbing and electrician work and installing sheet rock, floor tiles, and windows.

39. During the Rodriguez Employment Period, Plaintiff Rodriguez typically worked six (6) days per week, with most Sundays off. Plaintiff Rodriguez typically worked from approximately 7:30 a.m. to approximately 5:00 p.m. but often was told to work at another project immediately after the end of his shift, such that he would not finish working until in or around 11:00 pm. During the beginning of his employment, this happened once or more per week; toward

the end of his employment it happened approximately three (3) times per month. Sometimes when Plaintiff Rodriguez worked on projects in Manhattan, New York, he was required to work from approximately 5:00 a.m. to approximately 5:00 p.m. In total, Plaintiff typically worked between fifty-seven and sixty-four (57-64) hours per week and sometimes as much as eighty to eighty-five (80-85) hours when he was required to work late multiple nights per week.

40. Plaintiff was often told to sign out of job sites around 4:30 but was required to stay and work until 5:00 pm or later performing work such as cleaning up debris at the site.

41. For his work from in or around 2004 to in or around 2012, Plaintiff Rodriguez was paid a daily rate of eighty dollars ($80.00) for a total of four hundred and eighty dollars ($480.00) per week. From in or around 2012 to in or around 2016, Plaintiff Rodriguez was paid a daily rate of one hundred dollars ($100.00) for a total of six hundred dollars ($600.00) per week. From in or around the beginning of 2016 to in or around June 2018, Plaintiff Rodriguez was paid a daily rate of one hundred and twenty dollars ($120.00) for a total of seven hundred and twenty dollars ($720.00) per week. From in or around the first week of October 2018 to in or around the second week of October 2018, Plaintiff Rodriguez was paid a daily rate of one hundred dollars ($100.00).

42. Plaintiff Rodriguez was paid a flat daily rate that did not vary with the number of hours he worked. As such, throughout the Rodriguez Employment Period, Plaintiff Rodriguez was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each work week.

43. In addition to failing to pay overtime premiums for hours worked over forty (40) per week, Defendants frequently failed to pay Plaintiff for hours that he worked over eight (8) per day, even though he frequently worked more than eight (8) hours per day.

44. Throughout the Rodriguez Employment Period, Plaintiff was paid weekly. From the beginning of the Rodriguez Employment Period through in or around 2013, Plaintiff received his pay in cash. Starting in or around 2013, Plaintiff typically received his pay via check, which was accompanied by a paystub. The paystub showed his pay as "salary" and did not show his total hours worked or regular or overtime hourly rates.

45. During the period that Plaintiff was paid by check, he was sometimes paid for a sixth day of work in cash or not at all.

46. Plaintiff Rodriguez typically received his payment from the owner, Defendant Katz, and/or the foreman of the project site.

47. Throughout the Rodriguez Employment Period, Defendants did not provide a reliable system to track the hours Plaintiff and other laborers worked per project per day or per week. Defendants' foremen reported that employees worked on a specific job site on a given day without tracking their arrival or departure times or total hours worked.

48. From the start of the Rodriguez Employment Period to in or around 2016, Plaintiff was able to take a lunch break that was supposed to be thirty (30) minutes but that was frequently interrupted with tasks such as receiving deliveries for material and other supplies at the job site or helping remove debris from the construction site.

49. From in or around 2016 throughout the remainder of the Rodriguez Employment Period, Plaintiff was able to take breaks that typically lasted ten (10) to (20) minutes or less at 10:00 a.m. and 2:00 p.m., but were frequently interrupted for tasks such as receiving deliveries for material and other supplies at the job site or helping remove debris from the construction site.

50. At no time did Plaintiff Rodriguez receive a wage notice as required by the NYLL setting forth information such as his regular and overtime hourly rates, any deductions taken by Defendants, and contact information of his employer.

**Defendants' Unlawful Corporate Policies**

51. Defendants have simultaneously employed other individuals in different job sites like Plaintiff during the Class Period and Collective Action Period and continuing until today, to perform work as construction workers, demolition workers, and general laborers.

52. Upon information and belief, Defendants applied the same employment practices and policies to all of their construction, demolition and general labor workers including: failing to track employee's hours worked; paying a flat daily rate that did not cover employees' hours worked in excess of eight (8) hours per day; paying all hours at straight-times; failing to pay overtime premiums for hours worked over forty (40) in a week; failing to provide spread-of-hours premiums while working shifts in excess of ten (10) hours; and failing to provide wage statements and wage notices.

53. Defendants failed to maintain accurate records regarding the time worked by Plaintiff and Defendants' other employees and failed to provide Plaintiff and other employees with information regarding their calculations of hours worked, wages paid or regular or overtime hourly rates.

54. Plaintiff and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay overtime premiums and spread-of-hours premiums and failing to provide proper wage statements and wage notices.

55. Plaintiff has spoken with other employees of Defendants who were similarly paid a flat daily rate for all hours worked, which did not include overtime compensation for hours

worked over forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to non-management employees throughout the Class Period.

56. Defendants' failure to pay Plaintiff spread-of-hours premium for days in which Plaintiff worked a spread of more than ten (10) hours and/or a split shift is a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the Class Period.

57. Defendants' failure to provide Plaintiff with a wage notice at the time of his hire or annually by February 1 of each year is a corporate policy that applies to all non-management employees.

58. Defendants' failure to provide Plaintiff with proper wage statements setting forth information including his hours worked and hourly rate is a corporate policy that applies to all non-management employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVRETIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

59. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60. By failing to pay Plaintiff and the Collective Action Members overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violate and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Class Members)**

63. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though full set forth herein.

64. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

65. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

66. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650 *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

68. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payments of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

69. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70. Defendants have willfully failed to supply Plaintiff and the Class Members a proper wage statement as required by Article 6, § 195 (3).

71.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred fifty dollars ($250.00) per employee for each day that violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by the NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgement and post judgement interest, and injunctive and declaratory relief.

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiff and Class Members)**

72.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations

15

occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them if the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgement that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.  Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continues to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 29, 2019

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Cooperworks Inc. and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_Jose Manuel Rodriguez_
Signature

pp _JOSE MANUEL RODRIGUEZ_
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Cooperworks Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_Jose Manuel Rodriguez_
Firma

pp _JOSE MANUEL RODRIGUEZ_
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.